# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **HAROLD HERRSCHAFT,** | : | |
| Plaintiff | : | CIVIL ACTION NO. 1:10-1901 |
| v. | : | (CONNER, D.J.) |
| | | (MANNION, M.J.) |
| **MARY K. SMITHSON, et al.,** | : | |
| Defendants | : | |

## REPORT AND RECOMMENDATION

On September 10, 2010, the plaintiff, an inmate at the State Correctional Institution, Huntingdon, Pennsylvania, filed the instant civil rights action pursuant to 42 U.S.C. §1983. (Doc. No. 1). In addition, the plaintiff filed the appropriate application to proceed in forma pauperis, (Doc. No. 2), and prisoner authorization form, (Doc. No. 3). As a result a financial administrative order was issued. (Doc. No. 6). The matter will now be given preliminary consideration pursuant to 28 U.S.C. §§1915(e)(2)(B), 1915A.

Upon review, the plaintiff names the following individuals as defendants to the instant action: Mary K. Smithson, Clerk of Courts, Bucks County, Pennsylvania; Natalie Litchko, Deputy Clerk of Courts, Bucks County, Pennsylvania; Regina Martin, Deputy Clerk of Courts; Cathy Flipping, Victim/Witness Coordinator, District Attorney's Office; Patricia L. Bachtle, Prothonotary; David W. Heckler, District Attorney, Bucks County, Pennsylvania; Michelle A. Henry, District Attorney; Diane E. Gibbons, District Attorney; Karen A. Diaz, Chief of Prosecution, Bucks County, Pennsylvania; and Michael Nagyma, Victim Assistance Coordinator, Department of

Corrections, Camp Hill, Pennsylvania.

With respect to defendant Smithson, the plaintiff alleges that she violated his procedural and substantive due process rights by ". . . illegally, knowingly, and deliberately, stopping a mandamus action authorized by the Pennsylvania Supreme Court on January 22, 2009, from being filed of record against her. . ." in 2009 and by "illegally, knowingly, and deliberately, supplying a Department of Corrections business office with a false representation[1] that the Plaintiff owed the Bucks County Court of Common Pleas $1,347.97 in court costs, fines or restitution . . ." in 2002. The plaintiff alleges that defendant Smithson has engaged in a conspiracy with other defendants "to maintain her false representation that the Plaintiff owed Bucks County $1,347.97 in court costs, fines or restitution." (Doc. No. 1, p. 1). In addition, it is alleged that defendant Smithson ". . . illegally return[ed] a notice of appeal to the Superior Court to the Plaintiff on June 9, 2009. . ." and on July 22, 2005, she "refused to give the Plaintiff a Bucks County Court of Common Pleas Form DC-300B court comittment (sic) pertaining to the Plaintiff's cousin, Micheal (sic) Harold Herrschaft." (Doc. No. 1, p. 2).

The plaintiff alleges that defendant Litchko conspired with defendant Smithson to violate his constitutional rights by ". . . failing to inform appropriate legal authorities about [defendant Smithson's] illegal actions . . ."

---

[1]The plaintiff alleges that this "false representation" came by way of a court order. (Doc. No. 1, p. 1, ¶C).

Defendant Litchko's actions are alleged to have "commenced" on February 4, 2004. (Doc. No. 1, p. 2).

Defendant Martin is alleged to have violated the plaintiff's rights by ". . . failing to inform the appropriate legal authorities about [defendant Smithson's] and [defendant Litchko's] illegal actions. . ." Defendant Martin's actions are alleged to have been "implemented" on August 6, 2002. (Doc. No. 1, p. 2).

On or about May 6, 2002, defendant Flipping is alleged to have ". . . transmitt[ed] false information via a computer website to the Department of Corrections, setting forth that the Plaintiff owed a number of statutory court costs to the Bucks County Court of Common Pleas." The plaintiff alleges that this communication contained ". . . an apparent, and incomplete manipulation of the Plaintiff's social security number." (Doc. No. 1, p. 3).

On or about January 30, 2005, defendants Gibbons and Diaz are alleged to have represented to the Third Circuit Court of Appeals that ". . . the Plaintiff owed the Bucks County Court of Common Pleas $1,347.97, because that cost was 'incurred for the transportation of [the plaintiff] from the state correctional institution to Bucks County for evidentiary hearing pursuant to his PCRA in 1996.'" (Doc. No. 1, p. 3).

Defendants Heckler and Henry are alleged to "have contributed to the illegal actions of all other defendants against the Plaintiff, by failing to inform the appropriate authorities about the false representation that the plaintiff

owed $1,347.97 to the Bucks County Court of Common Pleas." (Doc. No. 1, p. 3).

Defendant Bachtle is alleged to have returned the plaintiff's mandamus action to him on or about November 5, 2009, instead of forwarding it to the appropriate court. In addition, she is alleged to have made false representations as to the whereabouts of information for the filing of a mandamus action in the Bucks County Court of Common Pleas. (Doc. No. 1, p. 4).

With regard to the plaintiff's claims against each of the above individuals, there is no indication that the actions of these defendants were taken outside of the scope of their official duties as judicial employees and officials. As such, they enjoy quasi-judicial immunity. As this court has previously set forth:

> The United States Supreme Court has long recognized that those officials performing judicial, quasi-judicial, and prosecutorial functions in our adversarial system must be entitled to some measure of protection from personal liability for acts taken in their official capacities. In order to provide this degree of protection from liability for judicial officials, the courts have held that judges, Mireless v. Waco, 502 U.S. 9, 13, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991); prosecutors, Imbler v. Pachtman, 424 U.S. 409, 427, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976); and those who perform adjudicative functions, Imbler, 424 U.S. at 423 n. 20 (grand jurors); Harper v. Jeffries, 808 F.2d 281, 284 (3d. Cir. 1986) (parole board adjudicators); are entitled to immunity from personal liability for actions they take in our adversarial system of justice.
>
> The scope of these protections extend beyond judges and prosecutors to those who take discretionary actions at the direction of the courts. As this court has observed:

4

> Quasi-judicial officers, who act in accordance with their duties or at the direction of a judicial officer, also are immune from suit. See Gallas, 211 F.3d at 772-73 (court administrator entitled to immunity for release of information ordered by a judge); Lockhart v. Hoenstine, 411 F.2d 455, 460 (3d Cir. 1969) (holding that prothonotary, acting under court direction, was immune from suit). The doctrine of absolute quasi-judicial immunity has been applied to court support personnel due to "the danger that disappointed litigants, blocked by the doctrine of absolute immunity from suing the judge directly, will vent their wrath on clerks, court reporters, and other judicial adjuncts." Kincaid v. Vail, 969 F.2d 594, 601 (7th Cir. 1992). See also Johnson v. Kegans, 870 F.2d 992, 995 (5th Cir. 1989)("Prosecutors and other necessary participants in the judicial process enjoy quasi-judicial immunity as well."). Quasi-judicial absolute immunity is available to those individuals, . . . ,who perform functions closely associated with the judicial process. Marcedes v. Barrett, 453 F.2d 391 (3d Cir. 1971)(holding that quasi-judicial immunity applied to clerk of courts, an administrative assistant to the president judge and a court reporter); Henig v. Odorioso, 385 F.2d 491, 494 (3d Cir. 1967)(holding that judiciary employees executing judicial orders are immune from suit); Davis v. Philadelphia County, 195 F.Supp.2d 686 (E.D.Pa. 2002)(holding that quasi-judicial immunity applies to court staff, such as clerks of judicial records and court reporters).

Wager v. York County Domestic Relations, 2010 WL 231129, *8 (M.D.Pa. 2010)[2](Conner, J.)(quoting Stout v. Naus, 2009 WL 1794989, at 3 (M.D.Pa. 2009) (McClure, J.)).

---

[2] For the convenience of the reader, the Court has attached copies of unpublished opinions cited within this document.

In light of the foregoing, the above defendants, who are all judicial employees and/or officers, are entitled to quasi-judicial immunity.

With respect to defendant Nagyma, who is the only defendant listed as an employee of the Department of Corrections, the plaintiff alleges that he mailed a cost summary sheet to defendant Martin on May 6, 2002, which ". . . contained false information to the effect that the Plaintiff owed $1,347.97 to the Bucks County Court of Common Pleas pursuant to 'Act 84.'" (Doc. No. 1, p. 3).

Here, the defendant's actions in simply mailing a cost summary sheet would not rise to the level of a constitutional violation. Moreover, civil rights claims are governed by the state statute of limitations applicable to personal injury actions. See O'Connor v. City of Newark, 440 F.3d 125, 127 (3d Cir. 2006). In Pennsylvania, the applicable limitations period is two years. See Pa. Cons.Stat. §5524(7); see also Disabled in Action of Pa. v. Se. Pa. Transp. Auth., 539 F.3d 199, 208 (3d Cir. 2008). The defendant's actions are alleged to have occurred in May of 2002. The plaintiff did not bring this action until over eight years later. Therefore, any claim against defendant Nagyma would be barred by the applicable statute of limitations[3].

---

[3]The court notes that, even if the other defendants were not entitled to quasi-judicial immunity, a vast majority of the claims set forth against those defendants would also be barred by the applicable statute of limitations.

6

On the basis of the foregoing, **IT IS RECOMMENDED THAT:**

**(1)** the claims against all defendants, except defendant Nagyma, be **DISMISSED** on the basis of quasi-judicial immunity; and

**(2)** the claim against defendant Nagyma be **DISMISSED** for failure to state a claim upon which relief can be granted or, in the alternative, as barred by the applicable statute of limitations.

                        *s/ Malachy E. Mannion*
                        **MALACHY E. MANNION**
                        **United States Magistrate Judge**

**Date:** October 6, 2010

O:\shared\REPORTS\2010 Reports\10-1901-01.wpd