IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **HAROLD HERRSCHAFT,** : | **CIVIL ACTION NO. 1:10-CV-1901** |
| **Plaintiff** : | |
| : | **(Judge Conner)** |
| v. : | |
| : | |
| **MARY K. SMITHSON**, *et al.*, : | |
| **Defendants** : | |

## **MEMORANDUM**

This matter was closed by Order (Doc. 14) dated December 1, 2010.  On December 7, 2010, plaintiff Harold Herrschaft ("Herrschaft") filed the following documents at issue: motion for leave to file amended complaint (Doc. 15), objection to report and recommendation (Doc. 16), and motion for relief from order of December 1, 2010 (Doc. 17).

Culled to the bottom line, Herrschaft contends that: (1) he filed timely objections to Magistrate Judge Mannion's Report and Recommendation which were not considered by the undersigned prior to entry of the December 1, 2010 Order; and (2) his proposed amended complaint cures the pleading deficiencies (of his original complaint) which led to dismissal of the action.

The threshold issue is whether Herrschaft's objections and motion for leave to file amended complaint were timely filed.  Herrschaft cites the seminal case of Houston v. Lack, 487 U.S. 266 (1988) for the proposition that prisoner documents prepared for court filing are deemed to be filed on the date that they are provided to prison authorities (Doc. 17, p. 2).  This proposition, also known as the "prisoner mailbox rule," recognizes the practical difficulties faced by inmates who are trying

to meet filing deadlines without free access to postal authorities. In United States v. Grana, 864 F.2d 312, 317 (3d Cir. 1989), the Third Circuit interpreted Houston supra as placing the burden on prison administrators to establish the relevant dates for purposes of the mailbox rule. In the instant case, it appears that the Department of Corrections fulfilled this obligation in that Herrschaft has produced a receipt for his postage dated November 29, 2010. See Doc. 17, Exhibit A. The Court has no reason to doubt the accuracy of the date reflected thereon and, therefore, the Court will accept the objections and motions (Docs. 15-17) as timely filed.

The second issue is whether Herrschaft's proposed amended complaint addresses the deficiencies set forth in the magistrate judge's report and recommendation. Indeed, Herrschaft's objections specifically states:

> (3) The Magistrates (sic) legal conclusions, based upon the pro se complaints (sic) allegations are correct, however;
> (4) The proposed 1st Amended Complaint drops the quasi-judicial immune Defendants and sets forth claims that would withstand the Fed. R. Civ. P., Rule 12(b) motion to dismiss.
> (5) Finally, there are exceptions to the applicable statute of limitations defense. Plaintiff asserts that he should be allowed to allege equitable tolling and continuing wrong theory.

I conclude that the proposed amended complaint does not cure the deficiencies identified by Judge Mannion. Placing aside various forms of immunity, which remain viable defenses,[1] it is pellucidly clear that Herrschaft's claims are barred by the statute of limitations. The allegations focus on wrongful conduct that

---

[1] See e.g. Lavia v. Pennsylvania Dept. of Corrections, 224 F.3d 190, 195 (3d Cir. 2000) ("Because the Commonwealth of Pennsylvania's Department of Corrections is a part of the executive department of the Commonwealth, see Pa. Stat. Ann., tit. 71, § 61, it shares in the Commonwealth's Eleventh Amendment Immunity.").

occurred in May 2002. Moreover, the injuries Herrschaft alleges are of the nature that would have been apparent to him at or near the time they were committed. See Sameric Corp. v. City of Philadelphia, 142 F.3d 582, 599 (3d Cir. 1998) (a section 1983 claim arises when the plaintiff knew or should have known of his injury). Although the statute of limitations is an affirmative defense, *sua sponte* dismissal is entirely appropriate when the defense is apparent from the face of the complaint. See Fogle v. Pierson, 435 F.3d 1252, 1258 (10th Cir. 2006) (citations omitted); Eriline Co. S.A. v. Johnson, 440 F.3d 648, 655-56 (4th Cir. 2006).

In light of the obvious bar of the statute of limitations, the court concludes that this matter was properly dismissed by Order dated December 1, 2010. Nevertheless, in the exercise of caution and with a goal of preserving Herrschaft's right to appeal this decision, the court will enter an order vacating the December 1, 2010 order, and the court will thereafter dismiss the case anew for the reasons set forth herein.

An appropriate order is attached.

  S/ Christopher C. Conner  
CHRISTOPHER C. CONNER  
United States District Judge

Dated:      March 22, 2011

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **HAROLD HERRSCHAFT**, : | **CIVIL ACTION NO. 1:10-CV-1901** |
| **Plaintiff** : | |
| : | **(Judge Conner)** |
| v. : | |
| : | |
| **MARY K. SMITHSON**, *et al.*, : | |
| **Defendants** : | |

# **O R D E R**

AND NOW, this 22nd day of March, 2011, upon consideration of plaintiff's motion for leave to file amended complaint (Doc. 15), objection to report and recommendation (Doc. 16), and motion for relief from order of December 1, 2010 (Doc. 17), and for the reasons set forth in the Court's memorandum, it is hereby ORDERED as follows:

1. The Court Order of December 1, 2010 (Doc. 14) is VACATED.

2. Except as modified by the Court's Memorandum of this date, the Report and Recommendation of the Honorable Malachy E. Mannion are ADOPTED.

3. The claims against all defendants are DISMISSED.

4. The Clerk of Court is instructed to CLOSE this case.

    S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge